1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN MATTHEW MONGER,                 No.  2:13-cv-1242 CKD P

12              Plaintiff,

13        v.                                ORDER

14   GARY SWARTHOUT, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to have all proceedings in this matter before a United States Magistrate

21   Judge.

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8        In order to avoid dismissal for failure to state a claim a complaint must contain more than

9   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

13  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

16  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

17  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

18  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

19  U.S. 232, 236 (1974).

20       In his complaint, plaintiff asserts defendant Wall revealed to plaintiff that he has

21  tuberculosis while other inmates were present.  Plaintiff asserts that this amounts to a violation of

22  his right to be free of cruel and unusual punishment under the Eighth Amendment and the Health

23  Insurance Portability and Accountability Act (HIPAA).  Under the Eighth Amendment, prisoners

24  cannot be subjected to cruel and unusual punishment.  Generally speaking, "only the unnecessary

25  and wanton infliction of pain implicate the Eighth Amendment."  Wilson v. Seiter, 501 U.S. 294,

26  297 (1991).  Plaintiff's allegations do not amount to an unnecessary and wanton infliction of pain.

27  As for plaintiff's HIPPA claim, there is no private right of action under HIPPA.  Webb v. Smart

28  Document Solutions, 499 F.3d 1078, 1081 (9th Cir. 2007).

1    Plaintiff also takes issue with the manner in which his inmate grievance concerning the

2    revelation of the fact that plaintiff has tuberculosis was handled.  But, plaintiff does not have a

3    federal right to any inmate grievance process at all, therefore, he has no entitlement to a particular

4    process with respect to the grievance procedure at his prison.  See Ramirez v. Galazza, 334 F.3d

5    850, 860 (9th Cir. 2003).

6    Finally, plaintiff asserts causes of action arising under California law.  However, plaintiff

7    fails to allege compliance with California's Tort Claims Act.  See Cal. Gov't Code § 910;

8    Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).  Therefore, plaintiff

9    cannot proceed on these claims.  In any case, assuming plaintiff has complied with the California

10   Tort Claims Act, the court has no basis for jurisdiction over plaintiff's claims.  See 28 U.S.C. §

11   1330 et seq.

12   For all the foregoing reasons, the court will dismiss plaintiff's complaint for failure to

13   state a claim upon which relief will be granted.  The court will not grant leave to amend as it

14   appears amendment would be futile.

15   In accordance with the above, IT IS HEREBY ORDERED that:

16   1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

17   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

18   shall be collected and paid in accordance with this court's order to the Director of the California

19   Department of Corrections and Rehabilitation filed concurrently herewith.

20   3.  Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be

21   granted; and

22   4.  This case is closed.

23   Dated:  August 16, 2013

24                                         CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE
25

26

27   1
     mong1242.dis
28

3